IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cardional Anna Vines Carter, | : | |
| Plaintiff | : | Civil Action 2:12-cv-0928 |
| v. | : | Judge Sargus |
| Mt. Carmel Hospital ICU-CCU, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Initial Screening Report and Recommendation

Plaintiff Carter brings this civil rights action alleging jurisdiction under 28 U.S.C. §§ 1331 and 1343. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to plead facts establishing federal jurisdiction over her Ohio law claims and, therefore, recommends dismissal of the complaint.

The complaint alleges that Carter went to the Mt. Carmel Emergency Room and was hospitalized. It further alleges that she received inadequate and improper medical treatment there.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Moreover, *pro se* prisoner complaints must be liberally construed. *Erickson v. Pardus*, above; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

<u>Analysis</u>. Federal courts are courts of limited jurisdiction. They do not have subject matter jurisdiction to hear a claim unless Congress has passed a law giving it jurisdiction over the claim. Although the complaint asserts federal jurisdiction under 28 U.S.C. §§ 1331 and 1343, it does not point to a federal statute that would give rise to a cause of action, nor does it plead fact that would support a federal claim for relief.

Here the complaint essentially alleges negligence or, possibly, medical malpractice claims under Ohio law. No federal law claims are pleaded. All the named defendants are private actors, so the complaint fails to state a claim under 42 U.S.C. § 1983. *Lugar v. Edmonson Oil*, 457 U.S. 922 50, 102 S.Ct. 2744, 73 L.Ed. 2d 482 (1982).

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to allege a factual and legal basis for federal court subject matter jurisdiction and it fails to state a claim under 42 U.S.C. §1983. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v.*

*Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel<br>
United States Magistrate Judge